Matter of Gomez v City of New York (2022 NY Slip Op 02509)

Matter of Gomez v City of New York

2022 NY Slip Op 02509

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 154882/20 Appeal No. 15748 Case No. 2021-03633 

[*1]In the Matter of Minerva Gomez, Petitioner-Appellant,
v
City of New York et al., Defendants-Respondents.

Glass Harlow & Hogrogian LLP, New York (Bryan D. Glass of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Geoffrey M. Stannard of counsel), for respondents.

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about March 11, 2021, denying the petition to annul the determination of respondent New York City Department of Education (DOE), dated March 16, 2020, which discontinued petitioner's probationary employment as an assistant principal, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioner failed to demonstrate that her probationary employment as assistant principal was terminated in bad faith, in violation of a law, or for an impermissible reason (see Matter of Brown v City of New York, 280 AD2d 368, 370 [1st Dept 2001]). The record shows that DOE discontinued petitioner's probationary position because of her failure to comply with directives, complete assignments, and petitioner's two-year history of poor work performance (see Matter of Tenenbein v New York City Dept. of Educ., 178 AD3d 510, 510 [1st Dept 2019]). As the evidence documenting petitioner's unacceptable work performance began in 2018 and continued for an extensive period of time before she filed her harassment complaint, there is no evidence of retaliation (see Matter of Johnson v City of New York, 281 AD2d 322 [1st Dept 2001]). Further, contrary to petitioner's contention, there is no showing here that respondents violated the Taylor Law (see Civil Service Law § 209-a[1]). In the absence of a demonstration that the discontinuance was in bad faith or in violation of the law, petitioner, as a probationary employee, may be discharged without a hearing (see Matter of Childs v Board of Educ. of the City of N.Y., 176 AD3d 560, 560 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022